**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **DANIEL BAGGETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:24-cv-01332** |
| ) | **Judge Trauger** |
| **CHRIS BOWDEN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Baggett, a Tennessee resident proceeding pro se, filed a Complaint for
Violation of Civil Rights against the Metro Nashville Police Department and six law enforcement
officers who are either employed by the city, state, or federal government, some as members of a
joint task force. (Doc. No. 1.) The plaintiff filed an application for leave to proceed in forma
pauperis (IFP). (Doc. No. 2.)

## I. APPLICATION TO PROCEED IFP

The plaintiff's IFP application lists monthly expenses that approximate his monthly income
from veterans disability benefits and limited self-employment. It therefore sufficiently
demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship."
*Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see
also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1
(W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but
should be based on consideration of "whether the movant can afford the costs of proceeding
without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly,
the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Complaint seeks damages against the defendants for violations of the plaintiff's rights and infliction of various injuries, described as "HIP[A]A, Privacy, Inhumane Treatment, Copyright Infringement, Burglary, Theft, PTSD, Anxiety, Depression, Car Wreck, Brain Injury." (Doc. No. 1 at 3.) The facts alleged in the Complaint begin in October 2020, when the plaintiff was a drug addict and was found sleeping in his parked car during a "sting operation." (*Id.* at 7.) From that point on, the plaintiff was allegedly "followed everywhere [he] went[,] even on foot," and was subjected to "a device . . . which can manipulate your mind and bodily functions." (*Id.*) The plaintiff claims that his memories were manipulated via this device, which also made him "withdraw from drugs and go to sleep almost immediately." (*Id.*) The device was used against him several times while he was driving, resulting in him falling asleep and, on one occasion, crashing head-on into a UPS truck and sustaining severe injuries. (*Id.*) When he went to rehab in 2022, the plaintiff's HIPAA rights were violated because the device allows the defendants to "see what [he] see[s] and hear what [he] hear[s]." (*Id.*) The sting operation against the plaintiff by the joint task force and the use of the device against him has caused him much suffering, including a brain injury, deteriorating mental health, the loss of "research and data," being put out of his home, and the theft of property from his home. (*Id.* at 8.)

2

Upon review of the plaintiff's allegations and claims, the court finds that the Complaint fails to state a nonfrivolous ground for relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). "A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact." *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (citing, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). Claims that are legally frivolous "include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist," while claims that are factually frivolous present "fantastic or delusional scenarios." *Id.* The latter type of frivolity is evident here.

Courts presented with factual allegations that are clearly baseless have the "discretion to refuse to accept without question the truth of [such] allegations." *Id.* at 331 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). The factual scenario presented in the Complaint before the court is simply untenable. The gravamen of the Complaint—that the plaintiff was caught in a joint task force sting operation after being found asleep in his car in 2020 and was thereafter victimized by law enforcement's use of a device to access his sense perceptions and put him to sleep while driving—is plainly delusional and factually frivolous. These allegations are insufficient to support any plausible legal claims. In short, the plaintiff's "fail[ure] to present any claim with an arguable or rational basis in law or fact" justifies dismissal of this action as frivolous. *Huey*, 53 F. App'x at 330.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. *Id.* § 1915(a)(3).

3

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____

Aleta A. Trauger
United States District Judge